**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| Julius Rumer,<br><br>Plaintiff,<br><br>v.<br><br>Norfolk Southern Railway Co.,<br><br>Defendant. | Case No.: _____<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

## INTRODUCTION

1. Defendant Norfolk Southern Railway Co. has engaged in a pattern and practice of discriminating against employees who suffer from disabilities, in violation of the Americans with Disabilities Acts, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101, *et seq*. ("ADA"). *See*, *e.g.*, *EEOC v. Norfolk Southern Corp.*, No. 2:17-cv-1251 (W.D. Penn.). This includes against Plaintiff Julius Rumer, who Norfolk Southern withheld from service without pay for three months while it required him to undergo and pay for sleep-apnea testing and treatment.

## PARTIES

2. Norfolk Southern is a railroad carrier engaged in interstate and foreign commerce. It is headquartered in this district. Its medical department, which was responsible for illegally removing Rumer from service and ordering him to wear a CPAP machine, is based in this district; its human resources department, which was responsible for investigating Rumer's ADA complaint, is based in this district; and its law department, which is responsible for adopting policies regarding and training its manager's on the ADA, is based in this district.

3. Rumer, who resides in Ohio, has worked for Norfolk Southern since 2005.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over Rumer's ADA claims under 28 U.S.C. § 1331.

5. Venue is proper under 28 U.S.C. § 1391 because Norfolk Southern is headquartered and the illegal conduct occurred pursuant to policies and procedures that were promulgated by officers who reside in this district.

## FACTUAL ALLEGATIONS

6. At the relevant time, Rumer was a yardmaster, which is essentially an office position.

7. In March of 2018, Rumer took his tri-annual physical.

8. Shortly thereafter, Norfolk Southern told Rumer that there was a correlation between his BMI and sleep apnea and that he therefore needed to attend a sleep study program.

9. After it got the results from his study, Norfolk Southern told Rumer he needed to order and wear a CPAP machine.

10. Rumer's doctor reviewed the sleep study and confirmed that there was no basis to require him to order and wear a CPAP machine.

11. Because Norfolk Southern made it a condition of Rumer's job, his doctor nevertheless prescribed the CPAP machine.

12. Shortly thereafter, on May 9, 2018, while Rumer was on a waiting list for a CPAP machine, Norfolk Southern removed him from service without pay, citing the need to review his machine's results as a basis.

13. Norfolk Southern did not explain why he had been allowed to work without a CPAP machine from the time of his tri-annual physical to the date of his removal but was now being removed from service.

14. It took two months for Rumer's CPAP machine to arrive and a couple more weeks

for Norfolk Southern to review his machine's results.

15.     Finally, in July of 2018, Rumer was returned to service.

16.     But Norfolk Southern is still requiring Rumer to pay for, wear, and submit the results from his CPAP machine to it as a condition of his employment.

## CAUSES OF ACTION

### VIOLATIONS OF 42 U.S.C. § 12101, *et seq*.

17.     Norfolk Southern was Rumer's "employer" within the meaning of the ADA.

18.     Rumer is disabled within the meaning of the ADA.

19.     Rumer is a qualified individual within the meaning of the ADA.

20.     Section 12112(a) of the ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

21.     Section 12112(d) of the FRSA states that "the prohibition against discrimination as referred to in subsection (a) shall include medical examinations and inquiries."

22.     Norfolk Southern discriminated against Rumer on the basis of disability when it ordered him to participate in the sleep study, obtained his CPAP machine's results, made him pay for his CPAP machine, and removed him from service.

23.     Because Norfolk Southern violated 42 U.S.C. § 12112, Rumer has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount to be determined by the trier of fact. Rumer is also entitled to attorneys' fees and costs incurred in connection with these claims.

24.     Norfolk Southern committed the above-alleged facts with reckless disregard or deliberate disregard for Rumer's rights and safety. As a result, Rumer is entitled to punitive damages.

**REQUEST FOR RELIEF**

25.     Rumer requests that the Court find Norfolk Southern acted in direct violation of the ADA.

26.     Rumer further requests that the Court order Norfolk Southern to:

- stop violating the ADA;

- pay to him an award for compensatory damages arising from loss of income and benefits in an amount to be determined by the trier of fact;

- pay to him an award for garden-variety emotional distress in an amount to be determined by the trier of fact;

- pay to him an award for costs (including litigation and expert costs), disbursements, and attorneys' fees; and

- pay to him an award for $300,000 for punitive damages for each violation of the ADA.

27.     Rumer further requests that the Court order judgment against Norfolk Southern for all other relief available under the ADA and such other relief as the Court deems just and equitable.

Dated: December 17, 2018

**THE MOODY LAW FIRM**

s/ *Nicholas D. Thompson*
Nicholas D. Thompson (VA # 92821)
nthompson@moodyrrlaw.com
500 Crawford St., #200
Portsmouth, VA 23704
Telephone: (757) 399-8906 ext 327
Fax: (757) 397-7257

**ATTORNEY FOR PLAINTIFF**